UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOHN HUGUENARD and KELLY
HUGUENARD,

     Plaintiffs,

v.                                                                Case No.:  2:25-cv-871-SPC-DNF

CANTIERE DEL PARDO S.P.A.,
GERMAIN YACHTS, LLC, and
PARDO YACHTS MIAMI LLC,

     Defendants.

_____

## OPINION AND ORDER

Before the Court is Defendant Germain Yachts, LLC's ("Germain")

motion to dismiss.  (Doc. 19).  Plaintiffs John Huguenard and Kelly Huguenard

responded.  (Doc. 29).  For the reasons below, Germain's motion is granted in

part and denied in part.

## Background[1]

This dispute arises from a yacht sale.  In January 2022, Plaintiffs

attended a boat show in Naples, Florida, where they met representatives from

Defendants Cantiere Del Pardo S.p.A. ("Pardo Italy"), Pardo Yachts Miami

---

[1] The Court "accept[s] the allegations in the complaint as true and constru[es] them in the light most favorable to" Plaintiffs.  *Belanger v. Salvation Army*, 556 F.3d 1153, 1155 (11th Cir. 2009).  That said, "legal conclusions without adequate factual support are entitled to no assumption of truth[.]"  *Dusek v. JPMorgan Chase & Co.*, 832 F.3d 1243, 1246 (11th Cir. 2016) (cleaned up).

LLC ("Pardo Miami"), and Germain (collectively, "Defendants").[2] (Doc. 1 ¶ 25).

Pardo Italy manufactures yachts to be sold under the "Pardo" brand. Plaintiffs

allege that Germain is the agent of Pardo Italy and "is the exclusive seller of

Pardo-branded yachts in Southwest Florida." (*Id.* ¶ 5). Pardo Italy and Pardo

Miami, through their "brand ambassador," Heigo Paartalu, and Germain

provided a price list to Plaintiffs for a Pardo yacht. (*Id.* ¶ 27). Paartalu "took

the lead in handling the paperwork and worked with Germain . . . through the

sales process." (*Id.* ¶ 28). "The Yacht was represented to [Plaintiffs] to be in a

safe and seaworthy condition." (*Id.* ¶ 32).

On January 22, 2022, Plaintiffs signed a purchase agreement ("Purchase

Agreement") for a 2021 Pardo 38-81 yacht ("Yacht") for $818,500. (*Id.* ¶ 29).

The Purchase Agreement is signed by Zachary Germain, the sales agent for

Germain. (Doc. 1-10 at 2). Attached to the Purchase Agreement is a document

entitled "Schedule A" listing terms and conditions of the sale. (*See id.* at 3, 4).

Plaintiffs received the Yacht on February 3, 2022.

Roughly three years later, Plaintiffs discovered that the Yacht "suffers

from significant structural defects that render it unsafe and unseaworthy."

(Doc. 1 ¶ 37). Plaintiffs provide a long list of the Yacht's defects and claim all

of them "were present at the time of delivery." (*Id.* ¶¶ 37a–r, 41). The defects

---

[2] Pardo Italy and Pardo Miami did not move to dismiss the claims against them. Instead, they answered the complaint. (Docs. 9, 20).

were not "capable of discovery by [Plaintiffs] prior to delivery" because they existed "deep within the skeletal framing of the Yacht" and would have required significant disassembly to find them. (*Id.*). Plaintiffs allege Defendants knew the defects existed and tried to conceal them from potential buyers by attempting repairs to the Yacht. Plaintiffs notified Defendants on July 9, 2025, about the defects and "revoked acceptance of the Yacht."[3] (*Id.* ¶ 46). Defendants do not acknowledge Plaintiffs' revocation of acceptance and have not issued a refund for the Yacht.

Plaintiffs bring claims against Germain for: fraudulent inducement/concealment (Count III); violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. §§ 501.201–213 (Count VI); revocation of acceptance pursuant to Fla. Stat. § 672.608 (Count IX); unjust enrichment (Count X); and breach of the implied warranty of merchantability in violation of the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. § 2301, *et seq.* (Count XIV). Counts X and XIV are brought in the alternative. Germain moves to dismiss all the counts against them for failure to state a claim.

## Legal Standard

A district court should dismiss a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) when a party does not plead facts that make the claim

---

[3] Plaintiffs also notified "Pardo Yachts USA LLC," which is not a defendant but shares the same manager as Pardo Miami.

facially plausible. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a court can draw a reasonable inference, based on facts pled, that the opposing party is liable for the alleged misconduct. *See Ashcroft v. Iqbal*, 556 U.S. 662, 668 (2009). This standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)). And a plaintiff must allege more than labels and conclusions amounting to a formulaic recitation of the elements of a cause of action. *See Twombly*, 550 U.S. at 555.

## Analysis

The Court begins with Plaintiffs' fraudulent inducement/concealment claim (Count III).[4] Because Plaintiffs bring a fraud claim, they must "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Germain argues that Plaintiffs' allegations are too conclusory to meet Rule 9(b)'s standard. (Doc. 19 at 4–7). Plaintiffs respond that they pled sufficient facts as to all the elements of their claim. (Doc. 29 at 8–11). The Court agrees with Plaintiffs.

"A complaint satisfies Rule 9(b) if it sets forth: (1) the exact statements or omissions made; (2) the time and place of each such statement and who

---

[4] Plaintiffs plead fraudulent inducement and concealment in the same count. Because Germain challenges Count III on particularity grounds, rather than a specific element, the Court's analysis is the same for both theories of liability.

4

made the statement or omission; (3) the substance of the statement and how it misled the plaintiff; and (4) the defendant's gain due to the alleged fraud." *Trinity Graphic, USA, Inc. v. Tervis Tumbler Co.*, 320 F. Supp. 3d 1285, 1296 (M.D. Fla. 2018) (citation omitted).

The Court finds Count III complies with Rule 9(b). Plaintiffs allege Germain's involvement in the sales process. (Doc. 1 ¶ 28, Doc. 1-9, Doc. 1-10). They allege "specific facts or materials that were concealed" about the Yacht's defects. *Garrett-Alfred v. Facebook, Inc.*, 540 F. Supp. 3d 1129, 1137 (M.D. Fla. 2021); (Doc. 1 ¶¶ 37, 42). As to timing, Plaintiffs cannot point to specific conversations because they allege Defendants fraudulently omitted facts, not that they fraudulently misstated them. *See In re Takata Airbag Prods. Liab. Litig.*, 464 F. Supp. 3d 1291, 1303 (S.D. Fla. 2020) ("*Takata II*") (explaining that "by definition, [plaintiffs] cannot point to one particular statement because an *omission* is a non-statement") (emphasis in original). They also allege when they first met with Defendants, as well as the date of the sale and delivery of the Yacht. (Doc. 1 ¶¶ 25–33). The names of Defendants' agents involved in the sale are included in the complaint and its attachments. (*Id.* ¶ 27); (Doc. 1-9 at 2, Doc. 1-10 at 2). And Plaintiffs allege Germain knew about the Yacht's defects before the sale and tried to cover them up by attempting repairs. (Doc. 1 ¶¶ 43, 45, 90).

The upshot is Plaintiffs "unambiguously delineate[] the Defendants' *omissions*—what they should have disclosed [the Yacht's defects] *and* when they failed to disclose them [during the sales process in January 2022]." *Rife v. Newell Brands*, Inc., 632 F. Supp. 3d 1276, 1311 (S.D. Fla. 2022) (emphasis in original); *see also In re Takata Airbag Prods. Liab. Litig.*, 193 F. Supp. 3d 1324, 1336–37 (S.D. Fla. 2016) ("*Takata I*") (finding plaintiffs "sufficiently pleaded the 'who, what, when, and where' of their [fraudulent concealment] omission claim"). Finally, Plaintiffs allege these omissions benefitted Germain and caused damage to Plaintiffs. (Doc. 1 ¶¶ 38, 61–62, 65). The Court finds Count III states a claim.

The Court moves on to the FDUTPA claim (Count VI). Germain argues this count fails because Plaintiffs do not plead a deceptive or unfair trade practice with specificity. The FDUTPA is intended to "protect the consuming public . . . from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the course of any trade or commerce." Fla. Stat. § 501.202(2). Courts must liberally construe FDUPTA. *See, e.g.*, *Samuels v. King Motor Co. of Fort Lauderdale,* 782 So. 2d 489, 499 (Fla. Dist. Ct. App. 2001). A FDUTPA claim has three elements: "(1) a deceptive act or unfair practice; (2) causation; and (3) actual damages." *Degutis v. Fin. Freedom, LLC*, 978 F. Supp. 2d 1243, 1264 (M.D. Fla. 2013) (quotation omitted)). "A deceptive act occurs 'if there is a representation,

omission, or practice that is likely to mislead the consumer acting reasonably in the circumstances, to the consumer's detriment.'" *Id.* (quoting *Zlotnick v. Premier Sales Grp., Inc.,* 480 F.3d 1281, 1284 (11th Cir. 2007) (citation and quotations omitted)).   "[T]he question is not whether the plaintiff actually relied on the alleged deceptive trade practice, but whether the practice was likely to deceive a consumer acting reasonably in the same circumstances." *Davis v. Powertel, Inc.*, 776 So. 2d 971, 974 (Fla. Dist. Ct. App. 2000).   "An unfair practice [under FDUTPA] is one that offends established public policy and one that is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *Wesley Fin. Grp., LLC v. Westgate Resorts, Ltd.*, 746 F. Supp. 3d 1342, 1355–56 (M.D. Fla. 2024) (quotation omitted).

Plaintiffs plausibly plead a FDUPTA claim.   Omissions can be deceptive acts under FDUPTA.   *See, e.g.*, *State Farm Mut. Auto. Ins. Co. v. Performance Orthopaedics & Neurosurgery, LLC*, 278 F. Supp. 3d 1307, 1327 (S.D. Fla. 2017) ("Importantly, deception may be accomplished by innuendo and through omissions rather than outright false statements.") (internal quotations omitted).   Plaintiffs allege Germain failed to disclose the Yacht's structural defects, which made it unsafe to use.   (Doc. 1 ¶¶ 37–38, 42–45).   To state the obvious, such omissions could mislead a reasonable consumer as to the Yacht's safety.   *See Degutis*, 978 F. Supp. at 1264.   The alleged omissions also qualify as an unfair practice under FDUTPA because a failure to disclose

material facts regarding a product's safety for its intended use clearly is "substantially injurious to consumers." *Wesley Fin. Grp., LLC*, 746 F. Supp. 3d at 1356; *see also Rife,* 632 F. Supp. 3d at 1291–92 (denying motion to dismiss FDUTPA claim where plaintiffs alleged defendants failed to disclose facts regarding the safety of a consumer product).  The Court finds Count VI states a claim.

Now, Plaintiffs' claim for revocation of acceptance pursuant to Fla. Stat. § 672.608 (Count IX).  Germain argues Count IX should be dismissed because Plaintiffs do not allege Germain violated any of its contractual obligations or warranties.  Plaintiffs respond that this is unnecessary, and, regardless, the Yacht failed to comply with the manufacturer's standards and specifications. Germain is correct.

"[U]nder Florida law plaintiffs may revoke their acceptance if: (1) the nonconformity of the vessel substantially impairs its value, and (2) revocation occurs with[in] a reasonable time." *Drew v. Boaters Landing Inc. of Fort Myers*, No. 2:07-CV-252-FTM29DNF, 2007 WL 2700987, at *3 (M.D. Fla. Sept. 13, 2007) (citing Fla. Stat. § 672.608).  "Revocation of acceptance is not available, however, where a seller disclaims all warranties." *Id.* (citations omitted); *see also Gulfwind South, Inc. v. Jones*, 775 So. 2d 311, 313 (Fla. Dist. Ct. App. 2000) (the plaintiff must point to a contractual or warranty provision setting a standard of conformity that was violated for a revocation of acceptance claim).

Count IX fails to state a claim.  There is a "conspicuous disclaimer of warranties" in the Purchase Agreement.  *McDowell v. Fleetwood Enters., Inc.,* No. 8:04-CV-1703-T-26TBM, 2005 WL 8160234, at *3 (M.D. Fla. Sept. 30, 2005).  The disclaimer states that the "seller [Germain] does not provide **any warranties**" and the sole warranties are those of the manufacturer and supplier.  (Doc. 1-10 at 3) (emphasis added).  So, there is no "standard of conformity" that can form a basis for a revocation of acceptance claim as to Germain.  *See Horowitz v. Allied Marine, Inc.,* No. 21-CV-60358, 2023 WL 3568113, at *11 (S.D. Fla. May 19, 2023) (quoting *Frank Griffin Volkswagen v. Smith,* 610 So. 2d 597, 599 (Fla. Dist. Ct. App. 1992)) ("Where a dealer has properly disclaimed all warranties . . . a manufacturer's warranty, without more, does not render the dealer a co-warrantor by adoption . . . nor does it create a contractual obligation which can serve as a basis for a buyer's later revocation of acceptance.").  Simply put, "revocation of acceptance is not available to plaintiffs" against Germain, so the Court dismisses Count IX with prejudice.  *Drew*, 2007 WL 2700987, at *3.

Next up is Plaintiffs' unjust enrichment claim (Count X).  The elements for unjust enrichment are that "(1) plaintiff has conferred a benefit on the defendant, who has knowledge thereof; (2) defendant voluntarily accepts and retains the benefit conferred; and (3) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying the value

thereof to the plaintiff." *Nationwide Mut. Co. v. Ft. Myers Total Rehab Ctr., Inc.*, 657 F. Supp. 2d 1279, 1290 (M.D. Fla. 2009). Germain argues that Plaintiffs have an adequate remedy at law so an equitable claim for unjust enrichment is improper. Plaintiffs respond that they are not asserting a contractual remedy and, in any event, may bring the unjust enrichment claim in the alternative. The Court agrees with Germain.

"It is well settled in Florida that unjust enrichment is an equitable remedy and is, therefore, not available where there is an adequate legal remedy . . . . Thus, to properly state a claim for unjust enrichment, a party must allege that no adequate legal remedy exists." *Am. Honda Motor Co. v. Motorcycle Info. Network, Inc.*, 390 F. Supp. 2d 1170, 1178 (M.D. Fla. 2005) (citations omitted). Plaintiffs seek to rescind the Purchase Agreement based on Defendants' fraudulent omissions.[5] (Doc. 29 at 16). Should Plaintiffs prevail, they will be able to recover damages for their fraud claims, making the unjust enrichment claim duplicative. Should they fail, the unjust enrichment claim will be improper because an express contract will govern. *See Atlantis Est. Acquisitions, Inc. v. DePierro*, 125 So. 3d 889, 894 (Fla. Dist. Ct. App. 2013) (quoting *Diamond "S" Dev. Corp. v. Mercantile Bank,* 989 So. 2d 696, 697 (Fla.

---

[5] Plaintiffs are correct that "[w]here there is fraudulent inducement of [a] contract, the fraudulent misrepresentation vitiates every part of the contract . . . ." *Beckel v. Fagron Holding USA, LLC*, No. 8:16-CV-2059-T-23AAS, 2019 WL 5110828, at *6 (M.D. Fla. June 24, 2019) (quoting *D&M Jupiter, Inc. v. Freidopfer*, 853 So. 2d 485, 489 (Fla. Dist. Ct. App. 2003)).

10

Dist. Ct. App. 2008)) (explaining that "a plaintiff cannot pursue a quasi-contract claim for unjust enrichment if an express contract exists concerning the same subject matter"). So, either way, an unjust enrichment claim is not proper in this circumstance. The Court dismisses Count X with prejudice.

Finally, the Court addresses Plaintiffs' MMWA claim (Count XIV). Germain argues this claim is barred because the Purchase Agreement "specifically disclaimed any implied warranty of merchantability" pursuant to Fla. Stat. § 672.316(2).[6] (Doc 19 at 13). Plaintiffs respond that the MMWA precludes enforcement of a disclaimer for the implied warranty. (Doc. 29). Germain has the better argument here.

"In essence, the MMWA provides a remedy for state law warranty claims that can be enforced in federal court." *McLaughlin v. Monaco RV LLC*, No. 8:14-CV-703-T-36TGW, 2015 WL 5355465, at *3 (M.D. Fla. Sept. 14, 2015) (citation omitted). The MMWA provides that implied warranties may not be disclaimed or modified "**if** . . . **such supplier makes any written warranty to the consumer with respect to such consumer product**." *See* 15 U.S.C. § 2308(a) (emphasis added); *see also Glob. Quest, LLC v. Horizon Yachts, Inc.*, 849 F.3d 1022, 1031 (11th Cir. 2017) (noting that the MMWA "prohibits sellers

---

[6] Fla. Stat. § 672.316(2) provides that contractual language may exclude the implied warranty of merchantability if it is "conspicuous." The Court finds that the language Germain cites from the Purchase Agreement is conspicuous under the statute.

from disclaiming implied warranties when either a full or a limited warranty is provided by the seller").

Plaintiffs fail to state a MMWA claim against Germain. The Purchase Agreement's disclaimer states in clear and conspicuous terms that the "warranty of this vessel is given solely by the manufacturer" and that the "warranties of the manufacturer and suppliers are the sole and exclusive warranties, either express or implied." (Doc. 1-10 at 3). The disclaimer goes on to note the "seller [Germain] hereby disclaims all implied warranties . . . including, without limitation . . . merchantability." (*Id.*). So, under § 2308(a), Germain did not make "any written warranty" to Plaintiffs. Therefore, the MMWA does not preclude Germain's disclaimer exculpating them against implied warranty claims. The Court dismisses Count XIV with prejudice.

Accordingly, it is

**ORDERED:**

1. Defendant Germain Yachts, LLC's Motion to Dismiss the Complaint (Doc. 19) is **granted in part and denied in part**.

2. Counts IX, X, and XIV of the Complaint (Doc. 1) are **DISMISSED with prejudice**.

3. Germain's Motion to Dismiss is **DENIED** as to Counts III and VI.

**DONE** and **ORDERED** in Fort Myers, Florida on April 15, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

13